Dear Mr. Hilzim:
We are in receipt of your request for an Attorney General's Opinion regarding the funding of tourism in Louisiana. Specifically, you have requested an opinion on the following questions:
 1. Act 455 of the 1970 Louisiana Legislature established a program which allowed the Louisiana Tourism Development Commission to provide grants to parish tourism entities for tourism promotional activities. Can the Louisiana Tourism Promotion District (LTPD) or Louisiana Office of Tourism (LOT) funds be used for the purpose of funding the activities authorized in Act 455?
 2. The Greater New Orleans Black Tourism Network is seeking to produce and operate a hospitality training program in conjunction with Southern University. The Network is seeking funding for this program from the LTPD. These funds would be spent in Louisiana for the purpose of training employees (or potential employees) of private sector businesses in the hospitality industry on how best to interface with and assist visitors to Louisiana. Would such a use of LTPD funds be consistent with the legislation which established the LTPD, Act 1038 of 1990?
 3. The LTPD would like to submit bids jointly with the City of New Orleans to secure a future meeting of the National Tour Association and to secure a regional meeting of the upcoming White House Conference on Tourism. These bids will obligate the LTPD and the City to provide amenities which will require the expenditure of LTPD funds. As the actual expenditures will not occur until some point in the future, can the LTPD escrow funds to cover the anticipated expenditures from its current fund balance or will the future expenditures need to be covered from future appropriations?
 4. The LOT is considering entering into an agreement with a private firm for the production of Louisiana maps. The maps would be used by the LOT to fulfill requests by potential visitors to Louisiana for maps and related travel information. The map company plans to sell advertising to be placed on the map. In return for the opportunity to realize revenues from the sale of advertising, the map company would provide a sufficient quantity of free maps to the LOT to honor all requests to LOT for maps and would also pay to the LOT $0.05 per each map produced, regardless of how the maps would be distributed. Is it legal for LOT to enter into such an agreement? Also, would the revenues generated to LOT from the map be deposited into the general fund, or could they be deposited into the fund of the LTPD and used by either the LTPD or LOT for tourism promotion activities?
 QUESTION NUMBER ONE
Act 455 of 1970 provides for the Louisiana Tourist Development Commission to give grants to or to contract with tourist promotion agencies which are engaged in planning and promoting programs designed to stimulate and increase the volume of tourist, visitor and vacation business within the parishes served by the agencies. The term "tourist promotion agency" is defined by the act as "[a]ny nonprofit corporation, organization, association or agency which shall be designated by ordinance in municipalities and by proper resolution of the governing body of any parish, as the agency authorized to make application to and receive grants from or contract with the Louisiana Tourist Development Commission. . .".
The Louisiana Tourism Promotion District ("LTPD") is created and defined in LSA-R.S. 51:1281 et seq. It is created as a body corporate and politic and a political subdivision of the state, with specific powers and functions set forth by law. LTPD's funding is generated by sales and use taxes, as follows:
 A. In order to provide funds for the purpose of assisting the state in the promotion of tourism, the district is hereby authorized, to levy and collect a sales and use tax not to exceed three one hundredths of one percent, . . .
* * *
 C. (1) The proceeds of the tax herein authorized shall be irrevocably pledged and dedicated for the following purposes and in the following order of priority:
 (a) For paying costs annually incurred that are associated with the levy and collection of the sales tax authorized by this Subpart.
 (b) To transfer such amounts as may be determined by the district to the Department of Culture, Recreation and Tourism for the promotion of the state's tourism industry through the purchase of out-of-state media advertisement, including but not limited to newspaper, magazine, billboard, radio, and television advertisement outside the state of Louisiana.
 (c) To transfer such amounts as may be determined by the district to the Department of Culture, Recreation and Tourism to assist the state in the promotion of tourism, provided no funds shall be transferred for the purchase of in-state media advertisement.
 (2) Any expenditure of funds by the Department of Culture, Recreation and Tourism from amounts transferred by the district in accordance with Paragraph (1) of this Subsection shall be by annual appropriation by the legislature and shall be consistent with the tourism master plan as provided in R.S. 51:1261.
* * *
(Emphasis added.) (R.S. 51:1286)
A reading of the above statute clearly sets forth how such funds of the LTPD can be expended. Subsection (C)(1)(c) allows the LTPD to allocate funds to the Department of Culture, Recreation and Tourism; however, we do not find any authority for LTPD to directly allocate funds to the Louisiana Tourism Development Commission for the funding of grants.
The Louisiana Office of Tourism ("LOT") is created by law as a part of the Department of Culture, Recreation and Tourism. (LSA-R.S. 36:201 and 51:1254) LOT's purpose is to promote the historical, cultural, recreational, and scenic legacy of the state. LSA-R.S. 51:1255(17) states:
 The office shall have the following powers, duties, functions, and responsibilities:
 (11) Formulate, implement, and evaluate a master plan for tourism marketing as further stipulated in R.S. 51:1261.
 (17) Provide basic support and discretionary grants, commonly referred to as Act 455 funds, to local tourist promotion agencies for travel development, marketing, promotion, and advertising, upon the approval of the commission.
"Act 455 funds" are defined in R.S. 51:1253 as the public monies appropriated by the legislature in accordance with Acts 1970, No. 455 and granted by the commission under authority of R.S. 51:1271
et seq. The "commission" is defined as the Louisiana Tourism Development Commission created by R.S. 51:1256 and transferred into the Department of Culture, Recreation, and Tourism by R.S.36:209(P).
In response to your first question, it is our opinion that the funds of LTPD may not directly be used for the funding of grants through the Louisiana Tourism Development Commission. However, when LTPD's funds are appropriately transferred to the Department of Culture, Recreation and Tourism in accordance with law, then LOT may use such funds as provided for in the tourism master plan, provided the tourism master plan complies with Article VII, § 14 of the Louisiana Constitution of 1974. (R.S. 51:1255(11) and 1261) Additionally, the LOT may use Act 455 funds to provide grants as provided for in R.S. 51:1255(17).
QUESTION NUMBER TWO
Our response to your first question also answers your second question. LTPD's funds are specifically allocated by R.S.51:1286. Said statute does not allocate funding for the training of employees (or potential employees) of private sector businesses in the hospitality industry. However, as stated above, Subsection (C)(1)(c) of R.S. 51:1286 generally allows LTPD to transfer amounts to the Department of Culture, Recreation and Tourism, which may only be expended by annual appropriation by the legislature as consistent with the tourism master plan in R.S. 51:1261. Therefore, funding for the training of employees of private sector business in the hospitality industry will depend on whether such is provided for in the tourism master plan.
QUESTION NUMBER THREE
LTPD cannot spend its funds directly on tourism, but functions as an administrative body to collect and transfer funds to the Department of Culture, Recreation and Tourism for particular uses. (R.S. 51:1286) Therefore, in response to your third question, it is our opinion that LTPD does not have the power to submit bids jointly with the City of New Orleans to secure a future meeting of the National Tour Association and to secure a regional meeting of the upcoming White House Conference on tourism. Again, LTPD may transfer funds to the Department to be expended by annual appropriation by the legislature as provided for in the tourism master plan. Therefore, funding for this venture also depends on the provisions of the tourism master plan.
QUESTION NUMBER FOUR
LSA-R.S. 51:1255(7) provides for the LOT to have the power to "[M]ake and enter into contracts to provide the office with stipulated services for promotions, advertising, publicity, research, marketing, or evaluation, and to license a logo and theme for use on promotional items offered for sale by the private sector". Therefore, it is our opinion that it is legal for LOT to enter into an agreement with a private firm for the production of Louisiana maps; however, said agreement would have to be in compliance with the Louisiana Procurement Code, R.S.39:1551 et seq.
With regard to depositing any revenues generated to LOT from the map agreement, LSA-Const. Art. VII, § 9 provides, in pertinent part:
 Section 9. (A) Deposit in State Treasury. All money received by the state or by any state board, agency, or commission shall be deposited immediately upon receipt in the state treasury, . . . (exceptions provided.)
 (B) Bond Security and Redemption Fund. Subject to contractual obligations existing on the effective date of this constitution, all state money deposited in the state treasury shall be credited to a special fund designated as the Bond Security and Redemption Fund, except money received as the result of grants or donations or other forms of assistance when the terms and conditions thereof or of agreements pertaining thereto require otherwise. . . . Thereafter, except as otherwise provided by law, money remaining in the fund shall be credited to the state general fund. (Emphasis added.)
As the LOT is an agency of the state, and the exceptions provided for in the constitution do not apply in this matter, it is our opinion that said revenues from the map agreement are required to be deposited in the state treasury. Additionally, said revenues would be credited to the state general fund, unless otherwise provided by state law.
We hope that this opinion addresses all of your concerns in this matter. However, if we can be of additional assistance, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________________ ANGIE ROGERS LaPLACE Assistant Attorney General
RPI/ARL/pb
Mark H. Hilzim, Secretary Department of Culture, Recreation and Tourism Post Office Box 94361 Baton Rouge, Louisiana 70804-9361
DATE RECEIVED:
DATE RELEASED:
ANGIE ROGERS LAPLACE ASSISTANT ATTORNEY GENERAL